UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
: 
UNITED STATES OF AMERICA
:   CONSENT PRELIMINARY ORDER
    - v. -                                                OF FORFEITURE AS TO SPECIFIC
:   PROPERTY/
ZACHARY S. SEID,                                MONEY JUDGMENT
:
        Defendant.                              S1 22 Cr. 108 (JPC)
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

    WHEREAS, on or about January 25, 2023, ZACHARY S. SEID (the "Defendant"), was charged in a Superseding Information, S1 22 Cr. 108 (JPC) (the "Information"), with conspiracy to commit health care fraud and wire fraud, in violation of Title 18, United States Code, Section 1349 (Count One); health care fraud, in violation of Title 18, United States Code, Sections 1347 and 2 (Count Two); wire fraud, in violation of Title 18, United States Code, Sections 1343 and 2 (Count Three); violating the Anti-Kickback Statute by soliciting and receiving kickbacks, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(B) and Title 18, United States Code, Section 2 (Count Four); aiding and abetting a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g) (Count Five); and theft of government funds, in violation of Title 18, United States Code, Sections 641 and 2 (Count Six);

    WHEREAS, the Information included a forfeiture allegation as to Counts One, Three, and Six of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from proceeds traceable to the commission of the offenses charged in Counts One, Three, and Six of the Information, including but not limited to a sum of United States currency, representing the amount

of proceeds traceable to the commission of the offenses charged in Counts One, Three, and Six of the Information;

WHEREAS, the Information included a forfeiture allegation as to Counts One, Two, and Four of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), of any and all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offenses charged in Counts One, Two and Four of the Information, including but not limited to a sum of United States currency, representing the amount of proceeds traceable to the commission of Counts One, Two and Four of the Information;

WHEREAS, on or about May 25, 2022, the Government took custody of $120,000 in United States currency from the Defendant (the "Subject Funds);

WHEREAS, on or about January 23, 2023, the Government took custody of the following property from the Defendant:

a. One Gold Tone watch containing a silver face, inscribed with the moniker ROLEX Sky- Dweller Oyster Perpetual Superlative Chronometer

b. One Gold Tone watch containing a silver face with clear stones, inscribed with the moniker ROLEX Oyster Perpetual DAY-DATE Superlative Chronometer

c. One Silver Tone watch containing a silver face, inscribed with the moniker ROLEX Oyster Perpetual DAY-DATE Superlative Chronometer

(collectively with the Subject Funds, the "Specific Property");

WHEREAS, on or about January 25, 2023, the Defendant pled guilty to Counts One through Six of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Four, and Six of the Information and agreed to forfeit to the United States: pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7) and Title 28, United States Code, Section 2461(c), a

sum of money in United States currency, representing the proceeds traceable to the commission of the offenses charged in Counts One through Four and Six of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $3,939,329 in United States currency, representing the amount of proceeds traceable to the offenses charged in Counts One through Four and Six of the Information that the Defendant personally obtained;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offenses charged in Counts One through Four and Six of the Information that the Defendant personally obtained, with the exception of the Specific Property, cannot be located upon the exercise of due diligence; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney David Raymond Lewis, of counsel, and the Defendant and his counsel, Frank A. Rubino, Esq., that:

1. As a result of the offenses charged in Counts One through Four and Six of the Information, to which the Defendant pled guilty, a money judgment in the amount of $3,939,329 in United States currency (the "Money Judgment"), representing the amount of

proceeds traceable to the offenses charged in Counts One through Four and Six of the Information that the Defendant personally obtained, shall be entered against the Defendant.

2. As a result of the offenses charged in Counts One through Four and Six of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant ZACHARY S. SEID, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

5. The United States Marshals Service is authorized to deposit the payments on the Money Judgment into the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Marshals Service (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____          **9/15/2023**
DAVID RAYMOND LEWIS                     DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2397


ZACHARY S. SEID

By: _____          SEP 14, 2023
ZACHARY S. SEID                         DATE

By: _____          SEP 14, 2023
FRANK A. RUBINO                         DATE
Attorney for Defendant
550 Biltmore Way
Coral Gables, FL 33134


SO ORDERED:

_____              **9/18/2023**
JOHN P. CRONAN                          DATE
UNITED STATES DISTRICT JUDGE